UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-17 JRT/AJB |
| Plaintiff, | |
| v. | **SUPPLEMENTAL REPORT AND RECOMMENDATION** |
| LARRY DARNEL ARMSTRONG, | |
| Defendant. | |

Tricia A. Tingle, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

Andrea George, Esq., Assistant Federal Defender, for the defendant, Larry Darnel Armstrong.

This action came on for further hearing before the Court, Magistrate Judge Arthur J. Boylan, on May 11, 2007, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. A previous hearing on suppression and dismissal motions took place on February 13, 2007, and a report and a recommendation was submitted to the district court. The magistrate judge recommended that defendant's motion to suppress and motion to dismiss be denied. The district court issued an Order dated April 20, 2007, therein adopting the report and recommendation of the magistrate judge and denying defendant's motion to dismiss, but deferring final decision on the motion to suppress with a referral for additional findings and further recommendation as set forth in the Order.

The district court specifically remanded the matter to the magistrate judge to elicit expert testimony with respect to whether a small scale, such as one that had been seized in this case, would be used as a tool by drug traffickers, and whether the scale, in combination with other evidence,

supports the conclusion that probable cause existed to belief that a drug trafficking offense was occurring.

Based upon the file and documents contained therein, along with testimony and exhibits received at hearing, as well as the previous report and recommendation of the magistrate judge, and the order of the district court, the magistrate judge now makes the following:

**SUPPLEMENTAL FINDINGS**

Mankato Police Officer Keith Mortenson has been a patrol officer with the Mankato Police Department for 11 years. Officer Mortenson was the affiant on a search warrant that was issued and executed in this case (First Hearing Exh. No. 1). He has participated in the execution of approximately 30 search warrants in his 11 years as a law enforcement officer. In the course of those search warrant executions he has seized several different types and sizes of scales. The officer opined that such scales would be useful to a person engaged in selling drugs, and that the scale seized in this case was not <u>too small</u> to be useful in drug sales activities.[1]

John Boulger is presently an employee with the Minnesota Department of Public Safety. He gives training in drug investigation practices to law enforcement officers. Mr. Boulger was previously a law enforcement officer for 38 years and has been involved in the preparation and/or execution of more than 1000 search warrants.[2]

---

[1] The prosecutor elicited testimony indicating that other evidence of drug trafficking had been found during execution of the residence search warrant, specifically, miniature zip lock plastic baggies. However, testimony did not establish that the officer who found the electronic scale was aware that the baggies had been found, and the evidence therefore does not enter into the probable cause assessment.

[2] Defendant stipulated on the record at hearing that Mr. Boulger is an expert in matters relating to the drug trade and drug investigations.

Electronic gram scales of the type seized in the investigation in this matter (Second Hearing Exh. No. 1)[3] are commonly used to weigh drugs and to repackage into smaller quantities for resale, and indeed, Mr. Boulger has previously seen this kind of scales in drug trafficking investigations. While discovery of individual evidentiary items, considered separately and in isolation, would not necessarily support a police officer's belief that a drug trafficking offense was occurring, the discovery of such items, including an electronic gram scale, a razor blade, and drug residue, located in proximity to one another, and considered in their totality, constitutes evidence to support the belief that the scale was being use to weigh drugs and to facilitate their redistribution.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**CONCLUSION**

An officer engaged in the execution of a search warrant on June 29, 2006, had probable cause to believe that a drug trafficking offense was occurring in light of the totality of circumstances such that an electronic gram scale is a device that would be used by a drug trafficker for repackaging drugs into smaller quantities for resale, the electronic scales at issue in this case is not too small to be used for such purposes, and cocaine residue was found on the scale itself.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

**RECOMMENDATION**

The Court **hereby recommends** that the district court conclude that probable cause to

---

[3] The court ordered that custody of the seized electronic gram scale, with drug residue on it, be maintained by law enforcement officers. There was no objection by the defendant.

believe that a drug trafficking offense was occurring and therefore the incriminating nature of a firearm discovered in the course of a search warrant execution was immediately apparent to law enforcement officers.  Consequently, the magistrate judge **further recommends** that defendant Larry Darnel Armstrong's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 16].

Dated:   June 11, 2007

   s/ Arthur J. Boylan  
Arthur J. Boylan  
United States Magistrate Judge

      Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before June 26, 2007.

      Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.