# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LARRY DARNELL ARMSTRONG,<br><br>Defendant. | Criminal No. 07-17 (JRT/AJB)<br><br>**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Tricia A. Tingle, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Andrea K. George, Assistant Federal Defender, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

Larry Darnell Armstrong was charged with possessing a firearm after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g). Officers found the firearm as well as other drug related items while executing a search warrant in an apartment believed to be occupied by Armstrong, and he moved to suppress evidence related to seizure of the gun on the ground that its seizure violated the Fourth Amendment. Upon remand by this Court, United States Magistrate Judge Arthur J. Boylan recommended denying the motion, and Armstrong filed objections to the Report and Recommendation. This Court has conducted a *de novo* review of the objections pursuant to 28 U.S.C. § 636(b)(1)(C) and

D. Minn. LR 72.2(b).  For the reasons discussed below, the Court adopts the Report and Recommendation and denies Armstrong's motion to suppress.

**BACKGROUND**

On June 29, 2006, the Blue Earth County District Court issued a warrant to search a particularly described apartment residence in Mankato, Minnesota, as well as a specifically described and licensed motor vehicle.  The application for the search warrant stated that Armstrong and his companion, Vera Grant, lived at the residence and that Armstrong and Grant had stolen a credit card and made fraudulent purchases with it.

Officers executed the warrant on the afternoon of June 29.  City of Mankato Police Officer Keith Mortensen remained outside with Armstrong while other officers searched the apartment and vehicle.  One of the officers searching the residence, Officer William Reinbold, found a razor blade and a palm sized digital scale in a large bucket in one of the bedrooms.  The scale had visible scratch marks and contained a white powder, which field tested positive as cocaine.  Officers also found a small jeweler sized baggie in the center console of the vehicle that contained traces of cocaine as well as several other baggies of the same type in the kitchen cabinet.

After finding the scale and razor blade, Officer Reinbold located a padlocked handgun case in an adjacent bedroom closet.  The officer pried a side of the case open and observed a handgun with ammunition.  Another officer opened the case and ran a background check on Armstrong and a records check on the gun.  The data searches

revealed that Armstrong had prior felony convictions and that the gun had been stolen from a Gander Mountain outdoors store.

Armstrong was charged with possessing a firearm after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year.  He filed a motion to suppress evidence relating to the firearm, arguing that the warrant did not authorize seizure of the gun.  In a Report and Recommendation dated March 2, 2007, the Magistrate Judge concluded that seizure of the gun was lawful and recommended denying the motion to suppress.  Although agreeing with Armstrong that the gun was not within the scope of the warrant, the Magistrate Judge found that the gun's "incriminating nature was sufficiently apparent to justify the seizure" under the plain view exception to the Fourth Amendment warrant requirement. (Report and Recommendation at 4.)

Armstrong filed timely objections to the March 2 Report and Recommendation, and this Court remanded for additional findings. Because officers did not know that Armstrong had a criminal record or that the gun had been stolen at the time it was seized, the Court held that the incriminating nature of the gun was not immediately apparent unless probable cause existed that a different criminal offense involving the firearm had occurred.  On this basis the Court remanded to the Magistrate Judge "to elicit testimony as to whether the small scale found would be a tool of drug traffickers . . . [and] whether the scale in combination with the other items found supports the conclusion that probable cause existed that a drug trafficking offense was occurring." *United States v. Armstrong*, 2007 WL 1175846, * 4 (D. Minn. 2007).

The Magistrate Judge held an additional hearing in response to the remand order issued by this Court.  The government called two witnesses, City of Mankato Police Officer Keith Mortensen and Minnesota Department of Public Safety Officer John Boulger, an expert in the drug trade.[1]  Officer Mortensen testified to the items found during the search and admitted to being unsure whether officers found the baggies prior to seizing the gun.  Mortensen also opined in response to a question asked by the Magistrate Judge that the scale found in the apartment could be used in drug trafficking.

Boulger testified that he has spent 32 years of his law enforcement career working in drug enforcement and that the type of scale found in the apartment is of a type and size that he has seen "on hundreds of occasions . . . used for weighing and packaging controlled substances." (Mot. Suppress Hr'g 42:22-24, May 11, 2007.)  He testified that the scratched scale, blade, and cocaine residue found in the bedroom, would lead him "to believe there was drug trafficking going on." (Mot. Suppress Hr'g 44:20-21.)  He also opined that the baggies found in the apartment are of the type that would be used with a scale of this size to traffic drugs.  Although he would continue to look for additional evidence, Boulger stated that even without consideration of the baggies he would be "beyond suspicious" (Mot. Suppress Hr'g 53:10), and "leaning strongly towards" (Mot. Suppress Hr'g 53:11), the conclusion that drug trafficking had occurred.

---

[1] Armstrong stipulated that Boulger was an expert at the hearing.

The Magistrate Judge considered the testimony of the officers and determined that the used scale, blade, and cocaine[2] established probable cause that drug trafficking had occurred. The Magistrate Judge recommended denying the motion to suppress on this basis, and Armstrong filed objections to the recommendation.

## ANALYSIS

The Fourth Amendment requires officers to obtain a warrant prior to seizing or searching private property, and evidence obtained without a warrant will be suppressed unless the government establishes that the evidence fits into an exception to the warrant requirement. *See United States v. Kennedy*, 427 F.3d 1136, 1140 (8th Cir. 2005). The government does not argue that the warrant to search the apartment authorized seizure of the firearm. It argues instead that the gun and evidence relating to it are admissible based on the plain view exception to the warrant requirement of the Fourth Amendment.

The plain view doctrine allows a police officer to seize evidence without a warrant "when (1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, (2) the object's incriminating character is immediately apparent, and (3) the officer has a lawful right of access to the object itself." *United States v. Hughes*, 940 F.2d 1125, 1126-27 (8th Cir. 1991) (internal quotations

---

[2] The Magistrate Judge did not consider evidence of the baggies because the government failed to establish that officers had found the baggies prior to seizing the gun. The Court agrees with the finding in the Report and Recommendation that probable cause existed to support seizure of the firearm without consideration of the baggies, so it is unnecessary to reach the issue of whether evidence of the baggies would be admissible to support the probable cause finding.

omitted).  The prosecution bears the burden of proof that a plain view exception to the warrant requirement is met.  *Arkansas v. Sanders*, 442 U.S. 753, 759-60 (1979).

The first and third requirements of the plain view exception are satisfied because the officers were in the residence executing a lawful warrant at the time the gun was located and information relevant to the credit card theft could have been discovered in the location where the gun was found. *See United States v. Ross*, 456 U.S. 798, 820-21 (1982).  The only element in dispute, then, is whether the gun's "incriminating character" was "immediately apparent" at the time it was seized. *Hughes*, 940 F.2d at 1126-27.  This element is met if there was probable cause to associate the property seized with criminal activity at the time of the seizure. *United States v. Wayne*, 903 F.2d 1188, 1196 (8th Cir. 1990); *see Arizona v. Hicks*, 480 U.S. 321, 326 (1987).

Officers were unaware that Armstrong had a criminal record or that the gun was stolen at the time it was seized, so the only crime with which the gun might have been associated at the time of the seizure is one involving the drug-related items found in the apartment.  While possessing a gun and simultaneously possessing a small amount of cocaine is not itself a separate offense, there is a crime for possessing a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A), and a gun need not be found in the same room as the drugs to support a conviction. *See United States v. Sanchez-Garcia*, 461 F.3d 939, 947 (8th Cir. 2006).  As a result, the determinative question facing the Court is whether seizure of the gun is justified because the items found in the apartment created probable cause that the gun had been used in furtherance of a drug trafficking scheme.

An officer need not be certain that a crime has been committed for probable cause to exist to permit the seizure of evidence under the plain view doctrine. *Soldal v. Cook County*, 506 U.S. 56, 67 (1992). By definition probable cause, above all else, "deals with probabilities." *Illinois v. Gates*, 462 U.S. 213, 241 (1983) (citing *Brinegar v. United States*, 338 U.S. 160, 175 (1949). Courts are to look at the "factual and practical considerations of everyday life," *id.*, as well as the "totality of the circumstances and the specific facts in a given situation." *United States v. Bach*, 400 F.3d 622, 628 (8th Cir. 2005). Based on those factors an item seized without a warrant is admissible so long as there is a "fair probability" that the item was used as part of a criminal activity. *United States v. Gibson*, 123 F.3d 1121, 1124 (8th Cir. 1997).

Armstrong argues that the government has not carried its burden of establishing probable cause that the gun had been used in a criminal activity. He dismisses Mortensen's testimony as unpersuasive because the officer was not classified as an expert and did not remember a single occasion on which he knew a scale of this size had been used in a drug trafficking operation. Armstrong also argues that the government cannot satisfy its burden with Boulger's testimony. He characterizes this testimony as stating that the evidence created only a "reasonable suspicion" of drug trafficking, *see Terry v. Ohio*, 392 U.S. 1, 27 (1968) (defining reasonable suspicion as the "specific reasonable inferences which [the officer] is entitled to draw from the facts in light of his experience"), and not probable cause that trafficking had taken place. A reasonable suspicion, Armstrong contends, is insufficient to support the plain view exception to the warrant requirement of the Fourth Amendment. *See Hicks*, 480 U.S. at 326.

Both Officers Boulger and Mortensen testified that scales of the same size as that found in the apartment are used in the drug trade. Boulger, in fact, told the Court that he had seen scales of similar sizes used for trafficking on "hundreds of occasions" (Mot. Suppress Hr'g Tr. 42:22-23), because scales of this size would be used to traffic smaller amounts of cocaine. He also testified that the scale looked as though it had been used on multiple occasions and that this fact, along with the absence of any evidence indicating personal cocaine use, supported the conclusion that drug trafficking had occurred.

The government introduced testimony that the evidence found in the apartment is of a type commonly used in drug trafficking and that the evidence was sufficient for a reasonable officer to conclude that drug trafficking was taking place. *See Ornelas v. United States*, 517 U.S. 690, 699 (8th Cir. 1996) (courts are to give "due weight" to any inferences and conclusions of trained officers). It is not necessary that an officer be able to prove beyond a reasonable doubt that a crime has been committed to seize an item under the plain view exception to the warrant requirement of the Fourth Amendment. *See Gates*, 462 U.S. at 241. It is sufficient where, as here, the evidence establishes that the item was obtained under a "fair probability" that it was used as part of a criminal activity. *Gibson*, 123 F.3d at 1124.

The Court concludes that the motion to suppress should be denied. This case is scheduled for trial on Monday, July 16, 2007, before the undersigned.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** defendant's objection [Docket No. 50] and **ADOPTS** the Magistrate Judge's Supplemental Report and Recommendation [Docket No. 48]. **IT IS HEREBY ORDERED** that defendant's motion to suppress evidence [Docket No. 16] is **DENIED**.

DATED:   July 10, 2007                               s/ John R. Tunheim
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                                               United States District Judge