# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-17 (JRT/AJB) |
| Plaintiff/Respondent, | |
| v. | **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| LARRY DARNELL ARMSTRONG, | |
| Defendant/Petitioner. | |

Tricia A. Tingle, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff/respondent.

Larry Darnell Armstrong, Reg. No. 13266-041, Federal Correctional Institute-Loretto, P.O. Box 1000, Loretto, PA 15940, defendant/petitioner *pro se*.

On July 24, 2007, Larry Darnell Armstrong entered a conditional guilty plea to the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Based on Armstrong's prior felony convictions, the Court sentenced Armstrong to the statutory mandatory minimum of fifteen years imprisonment under the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e). The United States Court of Appeals for the Eighth Circuit affirmed Armstrong's conviction and sentence on direct appeal. *United States v. Armstrong*, 554 F.3d 1159 (8th Cir.), *cert. denied Armstrong v. United States*, 129 S. Ct. 2805 (2009). On June 15, 2009, the Supreme Court denied Armstrong's petition for certiorari. On January 11, 2010, Armstrong filed this motion to

vacate, set aside, or correct his sentence pursuant 28 U.S.C. § 2255. For the reasons given below, Armstrong's motion is denied.

## BACKGROUND[1]

On June 26, 2006, a Minnesota state district court issued a search warrant for the residence of Armstrong and his girlfriend, finding that there was probable cause to believe that law enforcement would find evidence that Armstrong and his girlfriend had used a stolen credit card to make several purchases. *Armstrong*, 554 F.3d at 1160. Upon execution of the search warrant, law enforcement found drug paraphernalia and cocaine residue on certain items in the home. *Id.* at 1160-61. After arresting Armstrong and his girlfriend for possession of narcotics, officers proceeded to search the area near where they had discovered the narcotics. *Id.* at 1161. Officers searched the bedroom closet – "three to five feet" from where the narcotics items were found – and discovered an unlocked black case holding a Bersa Thunder .380 handgun and ammunition. *Id.*

On January 17, 2007, Armstrong was charged by indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Indictment at 1, Docket No. 9.) The indictment also charged Armstrong with being an armed career criminal under the ACCA, 18 U.S.C. § 924(e). (*Id.* at 2.)

On February 7, 2007, Armstrong's counsel, Scott Tilsen, filed a motion to suppress evidence of the handgun and filed a motion to dismiss the indictment. (Def.'s

---

[1] The Court repeats the facts here only to the extent necessary to resolve Armstrong's § 2255 motion. The Eighth Circuit opinion provides a more comprehensive description of the background facts of this case. *See Armstrong*, 554 F.3d at 1160-62.

Pretrial Mot. to Suppress, Docket No. 16; Def.'s Pretrial Mot. to Dismiss, Docket No. 14.) In support of the motion to suppress, Tilsen argued that the seizure of the handgun was unlawful, because the warrant did not authorize the seizure of firearms, and because the circumstances did not support any exceptions to the warrant requirement. (Mem. in Supp. of Def.'s Pretrial Mot. to Suppress at 1, Docket No. 17.) On March 2, 2007, United States Magistrate Judge Arthur J. Boylan filed a Report and Recommendation recommending that the Court deny the motions. (Report & Recommendation at 4, 7, 9-10, Docket No. 32.) The Magistrate Judge concluded that the "plain view doctrine" justified the seizure. (*Id.* at 10.)

Tilsen filed objections to the Report and Recommendation on Armstrong's behalf. (Objections, Docket No. 33.) The Court adopted the Report and Recommendation to the extent that it recommended denying the motion to dismiss, but referred the matter to the Magistrate Judge for additional findings on whether the officers conducting the search had probable cause to seize the firearm under the plain view doctrine. (Order at 8, Docket No. 39.) The Magistrate Judge conducted a second evidentiary hearing, during which expert witnesses testified that a small electronic digital scale and cocaine residue that officers found in Armstrong's home established probable cause that Armstrong was trafficking drugs. (Supplemental Report & Recommendation at 3-4, Docket No. 48.) Based on the evidence adduced at the second evidentiary hearing, the Magistrate Judge again recommended that the district court deny the motion to suppress because law enforcement had probable cause to search the area near where law enforcement

discovered drug-related items, and because the seizure of the firearm was lawful under the plain view doctrine. (*Id.*)

On April 9, 2007, Tilsen filed a motion to substitute counsel, and Andrea George replaced Tilsen as Armstrong's attorney. (Notice of Withdrawal & Substitution of Counsel, Docket No. 38.) Armstrong, through George, filed timely objections to the Report and Recommendation, arguing that the additional testimony at the evidentiary hearing did not support a finding of probable cause. (Objections, Docket No. 50; Mem. in Supp. of Objections to Supplemental Report & Recommendation at 6-9, Docket No. 54.) The Court adopted the Magistrate Judge's Supplemental Report and Recommendation and denied the motion to suppress. (*See* Order, Docket No. 61.)

On July 24, 2007, Armstrong entered a conditional guilty plea to being a felon in possession of a firearm, reserving the right to appeal the Court's ruling denying the motion to suppress. (*See* Docket No. 63.) The U.S. Probation Office prepared a presentence investigation report ("PSR"), which determined that the applicable Sentencing Guidelines range was 168 to 210 months. The PSR also found that Armstrong had five prior felonies: "a 1990 theft of a motor vehicle, a 1990 residence burglary, a 1992 simple robbery involving the mugging of a woman and stealing her purse, a 1997 theft of a motor vehicle, and a 2004 third degree attempted burglary of a store." *Armstrong*, 554 F.3d at 1162. Based on that information, the government argued that Armstrong was an armed career criminal under the ACCA and was subject to a 180-month mandatory minimum sentence. *See* 18 U.S.C. § 924(e) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court

referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years[.]").

In briefs filed prior to sentencing, George argued that Armstrong was not subject to the ACCA sentencing enhancement because the 1990 and 1997 auto thefts were not violent felonies, and because Armstrong did not sufficiently waive his Sixth Amendment right to counsel during state court plea and sentencing proceedings for the 2004 attempted burglary. (*See generally* Position of Def. with Respect to Sentencing, Docket No. 66; Resp. to Government's Position Pleading, Docket No. 68.) George reiterated these arguments at sentencing. (Sentencing Hr'g Tr. at 3:16 – 4:22, Docket No. 74.) The Court concluded that Armstrong's auto theft convictions were violent felonies and determined that Armstrong was an armed career criminal based on the auto theft, burglary, and simple robbery convictions. (*Id.* at 8:2-11.) The Court did not count the attempted burglary conviction as a predicate felony, however, finding that Armstrong was not represented by counsel during state criminal proceedings and had not sufficiently waived his right to counsel for that offense. (*Id.* at 7:15-25.) The Court sentenced Armstrong to the statutory mandatory minimum sentence of 180 months imprisonment. (*Id.* at 16:2-5; Sentencing J., Docket No. 70.)

Armstrong filed a timely notice of appeal with the Eighth Circuit. (Notice of Appeal, Docket No. 71.) On appeal, George argued on Armstrong's behalf that (1) the Court should have suppressed the evidence of the firearm "because the handgun was not named in the warrant and does not fall within the plain view exception," and

(2) "[Armstrong's] auto theft crimes are not violent felonies under the ACCA, and without his auto theft convictions, [Armstrong did] not have three violent felony convictions necessary to be classified as an armed career criminal." *Armstrong*, 554 F.3d at 1162-63; *see also* Br. of Appellant at 6-22, *Armstrong*, 554 F.3d 1159 (No. 08-1974); Reply Br. of Appellant at 1-8, *Armstrong*, 554 F.3d 1159 (No. 08-1974).

The Eighth Circuit affirmed the Court's denial of the motion to suppress, holding that "the handgun's incriminating nature was immediately apparent and admissible under the plain view doctrine." *Armstrong*, 554 F.3d at 1163. Regarding Armstrong's challenge to the applicability of the ACCA at sentencing, the Eighth Circuit held that the Court erred in counting the two automobile thefts as violent felonies in light the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 139 (2008). *Armstrong*, 554 F.3d at 1164; *see United States v. Aleman*, 548 F.3d 1158, 1168 (8th Cir. 2008) (holding that auto theft under Minnesota law is not a crime of violence under the United States Sentencing Guidelines). Conducting plain error review, the Eighth Circuit concluded that the Court also erred in finding that Armstrong did not validly waive his right to counsel during the proceedings for the 2004 attempted burglary conviction. *Armstrong*, 554 F.3d at 1164-66. The court determined that the attempted burglary offense was a predicate felony under the ACCA and held that "Armstrong's burglary, simple robbery, and attempted burglary convictions are three qualifying offenses under the ACCA, and the district court's 180-month sentence was not erroneous." *Id.* at 1166.

On May 20, 2009, Armstrong petitioned the Supreme Court for certiorari. On June 15, 2009, the Supreme Court denied the petition. *Armstrong v. United States*, 129

S. Ct. 2805 (2009). On January 1, 2010, Armstrong filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## ANALYSIS

### I. STANDARD OF REVIEW

A prisoner may file a motion to vacate, set aside, or correct a sentence imposed by a federal district court if "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, . . . the sentence was in excess of the maximum authorized by law, or [the sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996); *accord Houser v. United States*, 508 F.2d 509, 514 (8th Cir. 1974).

> A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error. Absent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause and prejudice. To establish ineffective assistance of counsel within the context of section 2255, however, a movant faces a heavy burden[.]

*Apfel*, 97 F.3d at 1076 (citations omitted); *see Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988).

To support a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient and that he was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To

satisfy the first prong of *Strickland*, a defendant must show that counsel's performance "fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances." *United States v. Acty*, 77 F.3d 1054, 1059 (8th Cir. 1996) (internal quotation marks omitted). The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. To satisfy the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## II.   ARMSTRONG'S § 2255 MOTION

Armstrong argues that he was deprived of effective assistance of counsel in three respects. First, Armstrong contends that his counsel was ineffective by "fail[ing] to object to the illegal search and seizure of items which [were] not listed in the search warrant." (Mot. Under 28 U.S.C. § 2255 at 5, Docket No. 82.) Second, Armstrong contends that his counsel was ineffective by "fail[ing] to object to a wrongful indictment, for [ACCA] was used for purposes of enhancement at sentencing, drug trafficking [sic] was used, when the indictment reads Possession of a Firearm." (*Id.*) Third, Armstrong contends that his counsel was ineffective by failing "to object to the [erroneous] prior convictions use for purposes of the [ACCA] used to enhance [Armstrong's] sentence." (*Id.*) The Court addresses each of Armstrong's individual arguments in turn.

### A. Failure to Object to the Search and Seizure

Armstrong argues that he is entitled to relief under § 2255 because his attorney did not challenge the basis for law enforcement's seizure of the handgun. (Mem. in Supp. of § 2255 Mot. at 3-10.) Armstrong contends that the seizure was improper because the firearm was not listed in the search warrant. (*Id.* at 4.) Armstrong's argument fails because he has not established that his counsel was constitutionally ineffective and because the Eighth Circuit has already adjudicated the issue on appeal.

Armstrong has not established that his counsel was ineffective under *Strickland*. Armstrong's counsel acted objectively reasonable in challenging the legality of the seizure of the handgun at every opportunity: in the pretrial motion to suppress, (Def.'s Mem. in Supp. of Def.'s Pretrial Mot. to Suppress Evidence at 2, Docket No. 17; Post-hearing Mem. in Support of Pretrial Mot. at 1, Docket 27); in objections to the Magistrate Judge's Report and Recommendation and Supplemental Report and Recommendation, (*see generally* Mem. in Supp. of Objections to Report & Recommendation, Docket No. 34; Mem. in Supp. of Objections to Supplemental Report & Recommendation, Docket No. 54); and on appeal to the Eighth Circuit, *see Armstrong*, 554 F.3d at 1162-63; *see also* Br. of Appellant at 6-22, *Armstrong*, 554 F.3d 1159 (No. 08-1974).

In addition, the Eighth Circuit affirmed this Court's order finding that the handgun was lawfully seized and denying the motion to suppress. *Armstrong*, 554 F.3d at 1163. Armstrong may not employ § 2255 to collaterally attack that ruling. *See United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001); *Houser*, 508 F.2d at 514. Accordingly, the

Court denies Armstrong's motion on the grounds that his counsel failed to object to the seizure of the handgun.

### B. Failure to Object to the Indictment

Armstrong appears to argue that his counsel was constitutionally ineffective by failing to object to the sufficiency of the indictment and by failing to object to an inconsistency between the charges in the indictment and the facts used as the basis for sentencing. (*See* Mem. in Supp. of 28 U.S.C. § 2255 Mot. at 10, Docket No. 83 ("Wrongful indictment, Armed Career Criminal (A.C.C.) was used for purposes of sentencing, drug trafficing [sic] was used at trial testimony to convict Movant when the indictment reads possession of firearm by a convicted felon.").) Although the basis for Armstrong's argument is somewhat unclear, even a liberal construction of Armstrong's argument yields no basis for relief under § 2255.

The indictment charged Armstrong with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and notified Armstrong that was subject to the sentencing enhancement provided under the ACCA, *id.* § 924(e). (*See* Indictment at 1-2, Docket No. 9.) There was no confusion that the indictment charged Armstrong with the offense of being a felon in possession. The indictment merely notified Armstrong that his prior offenses could lead to a 180-month statutory minimum sentence. Armstrong's counsel challenged the propriety of counting certain of the predicate felony offenses for the purposes of the ACCA, but the Eighth Circuit concluded that Armstrong had three predicate felony offenses and that the ACCA applied. Armstrong has not demonstrated

that his counsel's conduct was objectively unreasonable and, regardless, Armstrong may not collaterally attack the Eighth Circuit's ruling in a § 2255 motion.[2]

## C. Failure to Object to Convictions for Purposes of the ACCA

Armstrong contends that his "[c]ounsel did not object to the use of erroneous prior convictions used for purposes of [the ACCA] used to enhance [Armstrong's] sentence." (Mem. in Supp. of 28 U.S.C. § 2255 Mot. at 15, Docket No. 83.) The record belies Armstrong's argument. Armstrong's counsel extensively argued that Armstrong's prior offenses for auto theft and attempted burglary did not constitute predicate felonies under the ACCA. (Position of Def. with Respect to Sentencing at 1-6, Docket No. 66; Sentencing Hr'g Tr. at 3:28-25, 4:3-22, Docket No. 74.) Reply Br. of Appellant at 1-8, *Armstrong*, 554 F.3d 1159 (No. 08-1974). On appeal, the Eighth Circuit concluded that although the district court erred in counting the two auto thefts as predicate offenses, Armstrong nonetheless had three requisite predicate felonies, invoking the ACCA statutory mandatory minimum of 180 months imprisonment. *Armstrong*, 554 F.3d at 1166. Armstrong has not demonstrated that his counsel was constitutionally ineffective under *Strickland*, and Armstrong may not collaterally attack the Eighth Circuit's ruling in his § 2255 motion.

---

[2] Armstrong also appears to argue that his attorney was ineffective by failing to challenge the sufficiency of the indictment. Because an individual may not challenge the sufficiency of an indictment in a § 2255 motion in the absence of exceptional circumstances, *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam), and because the Court finds that Armstrong's counsel would have had no basis on which to challenge the indictment, Armstrong's arguments do not have merit.

**D. Request for Evidentiary Hearing and Appointment of Counsel**

Armstrong asks the Court to appoint counsel to assist him with the § 2255 proceedings and to schedule an evidentiary hearing to determine the objective reasonableness of his counsel's conduct. (*See* Pet'r's Reply Br. at 2-3, Docket No. 90.) The Court declines to do so. Indigent prisoners do not have a constitutional right to counsel in civil cases, including habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987); *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999) ("[T]here is no general right to counsel in post-conviction habeas proceedings for criminal defendants."). Because the legal issues in this proceeding are straightforward, because Armstrong has demonstrated his ability to articulate his claims without counsel, and because the Court is familiar with the factual, legal, and procedural background of the case, the Court finds that there would be no benefit derived from appointing counsel to represent Armstrong. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). The Court also finds that an evidentiary hearing is not necessary because the record conclusively demonstrates that Armstrong is not entitled to the relief that he seeks. *See* 28 U.S.C. § 2255(b); *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) ("No hearing is required . . . where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." (internal quotation marks omitted)).

## III. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner must show that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that Armstrong has not shown that reasonable jurists would find the issues raised in Armstrong's § 2255 petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Armstrong's Motion to Vacate Under 28 U.S.C. § 2255 [Docket No. 82] is **DENIED**; and

2. For the purposes of appeal, the Court does not grant a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 7, 2010
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge